UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>　HOFFENMER INC,<br><br>　　　　Defendant | Case No.:  3:25-cv-05831-TMC<br><br><br>COMPLAINT<br><br><br>JURY TRIAL: YES |

**<u>INTRODUCTION</u>**

1.    This is a civil action for actual, and statutory damages and cost brought by Christopher C. Johnson hereinafter, ("Plaintiff") an individual consumer, against defendant, HOFFENMER, INC., hereinafter ("Defendant") for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, as well as Washington State Consumer Protection Statutes, RCW19.190.060 and RCW 19.86.020.

2.    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, was enacted by Congress in 1991 to protect the privacy rights of individuals and curb the explosive growth of unsolicited robocalls and automated text messages. As mobile communication became central to modem life, Congress recognized the need to limit invasive practices by telemarketers and businesses using automated systems without proper consent. Similarly, Washington State

COMPLAINT

adopted parallel protections through the Washington Consumer Electronic Mail Act (RCW19.190), designed to shield Washington residents from deceptive, unsolicited, or harassing electronic communications. Despite these clear federal and state mandates, Defendant Hoffenmer Inc. knowingly and repeatedly contacted Plaintiff via automated text messages-even after Plaintiff explicitly revoked consent by replying "STOP." Defendant's continued communications demonstrate not only a violation of law, but a willful and reckless disregard for Plaintiffs legal rights and privacy.

## **BASIS OF JURISDICTION**

3. Jurisdiction of this court arises under 28 U.S. C § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendant regularly transacts business in this District and the conduct giving rise to this action occurred in substantial part within this District.

5. This Court also has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

## **PARTIES**

6. Plaintiff Christopher C. Johnson is a natural person and a resident of Puyallup, Washington.

COMPLAINT

7. Defendant HOFFENMER INC. is an Illinois corporation which may be served through its registered agent PRO TAXES AND ACCOUNTING P.C. 7324 W LAWRENCE AVE HARWOOD HEIGHTS, IL 60706-3504.

## **FACTUAL ALLEGATIONS**

8. On September 16, 2025, Defendant transmitted a new unsolicited text message to Plaintiff's personal cell phone ending in 2202 promoting DOT compliance services, including messages referencing regulations and linking to website ucrportal.us. (See Exhibit A)

9. Defendant had actual knowledge that Plaintiff had revoked consent to receive text messages, including notice provided through prior litigation in this District involving similar unlawful conduct.

10. Defendant's message was sent using automated technology for commercial purposes, without Plaintiff's consent, after multiple opt-outs, and with knowledge of the illegality of such conduct.

11. The content of this message included aggressive compliance warnings, regulatory citations, threats of fines, and hyperlinks directing Plaintiff to commercial sites. These messages were sent using automated messaging technology and without Plaintiffs' consent.

12. Screenshots of the message are attached hereto as Exhibit A.

COMPLAINT

.

13. Defendant acknowledged unsubscription more than once, stating, "You are no longer subscribed to Hoffenmer reminders/notifications," and yet continued sending marketing messages anyway.

14. Plaintiff is the regular user of the xxx-xxx-2202 number that received the above text message.

15. Plaintiff utilizes the cellular telephone number that received Defendant's calls for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

16. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

17. Defendant's failure to honor prior opt-out requests demonstrates that Defendant does not (I) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

COMPLAINT

18. Defendant's conduct demonstrates a willful and knowing disregard for Plaintiff's rights under the TCPA and Washington State law.

19. Defendant's text message spam continues to cause Plaintiff harm, including violations of his statutory rights, trespass, annoyance, nuisance, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's telephone.

20. Plaintiff has Article III standing to bring this action. Plaintiff suffered a concrete and particularized injury in fact when Defendant repeatedly sent unwanted, non-consensual text messages to Plaintiffs personal cell phone after Plaintiff revoked consent by replying "STOP."

21. This invasion of privacy constitutes a legally recognized injury under the TCPA and has been recognized as sufficient for standing by courts including the Ninth Circuit in Van Patten Vertical Fitness Group, 847 F.3d 1037 (9th Cir. 2017).

22. Defendant's conduct is traceable to the injury suffered by Plaintiff, as the text message was sent directly by or on behalf of Defendant to Plaintiff.

23. This Court has the authority to redress Plaintiffs injury through statutory damages and injunctive relief as authorized by the TCPA and Washington State law.

## **COUNT 1 VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

COMPLAINT

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing
>
> purposes to a residential telephone subscriber unless such
>
> person or entity has instituted procedures for maintaining
>
> a list of persons who request not to receive telemarketing
>
> calls made by or on behalf of that person or entity.
>
> The procedures instituted must meet
>
> the following minimum standards:
>
> (1) Written policy. Persons or entities making calls for
>
> telemarketing purposes must have a written policy,
>
> available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing.
>
> Personnel engaged in any aspect of telemarketing must be
>
> informed and trained in the existence and use of the do not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person
>
> or entity making a call for telemarketing purposes (or on
>
> whose behalf such a call is made) receives a request from a
>
> residential telephone subscriber not to receive calls from that
>
> person or entity, the person or entity must record the request
>
> and place the subscriber's name, if provided, and telephone
>
> number on the do-not-call list at the time the request is made.

COMPLAINT

Persons or entities making calls for telemarketing purposes

(or on whose behalf such calls are made) must honor a

residential subscriber1s do-not-call request within a

reasonable time from the date such request is made. This

period may not exceed thirty days from the date of such

request. If such requests are recorded or maintained by a

party other than the person or entity on whose behalf the

telemarketing call is made, the person or entity on whose

behalf the telemarketing call is made will be liable for any

failures to honor the do-not-call request. A person or entity

making a call for telemarketing purposes must obtain

a consumer's prior express permission to share or forward

the consumer's request not to be called to a party other than

the person or entity on whose behalf a telemarketing call is

made or an affiliated entity.

26. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telemarketing calls or texts to wireless telephone numbers.

27. Plaintiff revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

COMPLAINT

28. Plaintiff terminated any business relationship he may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. See 47 C.F.R. § 64.1200(f)(5)(i).(A consumer's "seller-specific do-not-call request* * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.").

29. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

30. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

31. Pursuant to section 227(c)(5) of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each negligent violation.

32. As a result of Defendant's knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per violation.

33. Plaintiff is entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

COMPLAINT

**COUNT II: VIOLATION OF RCW 19.190.060 (Washington CEMA)**

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

35. Defendant sent an unsolicited commercial text message to Plaintiff, a Washington resident without express consent, and after Plaintiff opted out.

36. Pursuant to RCW 19.190.090(1), Plaintiff is entitled to bring a civil action to enjoin further violations of RCW 19.190 and to recover statutory damages of up to $500 per violation, or actual damages, whichever is greater.

37. RCW 19.190.100 further provides that such violations constitute unfair or deceptive acts or practices under the Washington Consumer Protection Act (RCW 19.86), giving rise to additional remedies.

**COUNT III: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86.020)**

38. Plaintiff re-alleges and incorporates all preceding paragraphs.

39. Defendant sent a unsolicited commercial text messages to Plaintiff, a Washington resident without express consent, and after Plaintiff opted out. This action by the Defendant

COMPLAINT

constitutes an unfair or deceptive act or practice in the conduct of trade or commerce, violating RCW 19.86.020.

40. The violation impacts public interest because it deprives Washington residents of their right to privacy, exposes them to unwanted and deceptive text marketing, and undermines the statutory protections designed to ensure consumers can revoke consent and be free from unsolicited electronic communications.

41. Plaintiff was injured in his property and legal interests, including loss of valuable time, out-of-pocket expenses such as mailing, filing, and process server costs, deprivation of statutory rights, and the financial burden of initiating and maintaining this action.

42. Plaintiff is entitled to actual damages and treble damages, under RCW 19.86.090.

## **COUNT IV – INTRUSION UPON SECLUSION**

43. Plaintiff re-alleges and incorporates all preceding paragraphs.

44. Defendant intentionally intruded upon Plaintiff's solitude and seclusion by sending unsolicited text messages after STOP requests and prior litigation.

45. Such intrusion would be highly offensive to a reasonable person.

COMPLAINT

46. Plaintiff suffered actual damages including frustration, emotional distress, and disruption of peace of mind.

47. Plaintiff is entitled to compensatory and punitive damages.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. Statutory damages under the TCPA ($1,500 per willful violation).

2. Statutory damages under RCW 19.190 ($500 per violation).

3. Treble damages under RCW 19.86.

4. Compensatory and punitive damages for intrusion upon seclusion.

5. Costs and such other relief as the Court deem proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

COMPLAINT

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

9-16-2025

Christopher C. Johnson
5613 121st Street Court E #1
Puyallup, WA 98373
cejay80@gmail.com

COMPLAINT

# EXHIBIT A

# (today 11:03am is 9-16-2025)

12:16    5G+ 69

 

52698

MVR Processing Division
Federal Apps Processor
2200 Pennsylvania Ave 1022
Washington, DC
866-866-0217

Today 11:03 AM

2026 UCR Registration due for
CHRISTOPHER CHARLES JOHNSON
TRUST

U.S. DOT# 4062627

U.S. DOT Regulation FMCSR 357
requires your company to comply with
the 2026 UCR mandate. Filing period
begins in 14 days! Submit your
application now to avoid late fees and
noncompliance violations.

UCR Processing Hotline:

240-544-0882
(Espanol opcion 8)

Online:
ucrportal.us

2026 UCR Processing Division
Federal Applications Processor

+    Text Message · SMS

10:15

◀ Messages

 **UCR Filing Center**    Hotline: 240-544-0882

 **UCR Filing Center**
240-544-0882

**Federal Applications Processor Hoffenmer**
2020 Pennsylvania Ave NW# 1022
Washington DC 20006
info@ucrsupport.us

2026 UCR Application

2025 UCR Application

2024 UCR Application

Leave us a message

© Copyright 2025 Federal Applications Processor by
Hoffenmer
All applications submitted on this webpage are
processed by the Federal Applications Processor Inc
Hoffenmer Inc in accordance with the UCR mandate for


ucrportal.us